**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

"JENNY" and "MARIA,"

                              Plaintiffs,              5:24-cv-01407 (BKS/ML)

v.

MARC L. LEONARDIS,

                              Defendant.

---

**Appearances:**

*For Plaintiffs:*
Margaret Elizabeth Mabie
Marsh Law Firm PLLC
31 Hudson Yards, Floor 11
New York, New York 10001

*For Defendant:*
Julie A. Nociolo
Hacker Murphy LLP
28 Second Street
Troy, New York 12180

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

Plaintiffs Jenny and Maria[1] bring this 18 U.S.C. § 2255 action against Defendant Marc L. Leonardis, who previously pled guilty to one count of receipt of child pornography depicting Plaintiffs. (Dkt. No. 1). Presently before the Court is Plaintiff's motion to strike three affirmative defenses from Defendant's answer. (Dkt. No. 43). The motion is fully briefed. (Dkt. Nos. 43, 44, 47). For the reasons that follow, the motion is granted in part and denied in part.

---

[1] In May 2025, Magistrate Judge Lovric granted Plaintiffs' request to proceed using pseudonyms. (Dkt. No. 31).

## II.    FACTS[2]

In 2021, a grand jury in the Northern District of New York indicted Defendant on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).[3] (*See* Dkt. No. 1, at 3). The underlying conduct "was alleged to have been committed on or about April 29, 2021, through June 12, 2021." (*Id.*). Defendant eventually pled guilty to that count; he was sentenced to terms of incarceration and supervised release and ordered to pay restitution. (*Id.*; *see also* Amended Criminal Judgment at 2–3, 7).

Plaintiffs are both adults "who were sexually abused as [children] and whose sexual abuse is depicted in images of child pornography seized from [D]efendant's possession." (*Id.* at 2). The two "first received notice from [the United States Department of Justice Victim Notification System] that their child pornography images were among those possessed by Defendant" on July 12, 2022. (*Id.* at 3). In November 2024, they commenced this civil action pursuant to § 2255(a), at the outset requesting only statutory "liquidated damages in the amount of $150,000"—as well as costs, attorney's fees, and pre- and post-judgment interest—not "actual damages." (*See id.* at 4–5).

Defendant timely answered. (Dkt. No. 30). In his answer, Defendant admitted to the above allegations concerning his conviction. (*See id.* at 1–2). He also asserted the following four affirmative defenses: (1) "[t]he complaint fails to state a claim upon which relief may be granted"; (2) "[t]he Court lacks jurisdiction over this matter"; (3) "[t]he actions set forth in the

---

[2] Except as otherwise noted, the facts are drawn from the complaint.

[3] Although in another section of the complaint Plaintiffs cite a statute proscribing, *inter alia*, possession of child pornography, (Dkt. No. 1, at 4 (citing 18 U.S.C. § 2252(a)(4)(B)))—and in his opposition, Defendant states that he pled guilty to that offense, (Dkt. No. 44, at 1)—he in fact pled guilty to receipt of child pornography under § 2252A(a)(2)(A) and was so adjudged. *See* Amended Judgment, *United States v. Leonardis*, No. 5:21-cr-00346 (N.D.N.Y. Oct. 28, 2025), ECF 89 ("Amended Criminal Judgment").

Complaint are barred in whole or in part by the applicable [s]tatutes of [l]imitation"; and (4) "[t]he Plaintiffs have received payment from [D]efendant." (*Id.* at 3).

## III.    DISCUSSION

The federal rules permit a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). The Second Circuit has explained that "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). Additionally, "the plausibility standard of *Twombly* applies to determining the sufficiency of . . . the pleading of an affirmative defense, but with recognition that . . . an affirmative defense, rather than a complaint, is at issue." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In certain circumstances, prejudice to the plaintiff may also be a relevant consideration in determining whether to strike such defenses. *GEOMC Co.*, 918 F.3d at 98–99.

Plaintiffs here request that Defendant's first, second, and third affirmative defenses be stricken. (Dkt. No. 43, at 4). The Court addresses each in turn.

### A.    Failure to State a Claim

The first affirmative defense Plaintiffs seek to strike is failure to state a claim. (*See* Dkt. No. 43, at 4). The Court declines to do so. The text of §2255(a) provides: "Any person who, while a minor, was a victim of a violation of [§ 2252A] and who suffers a personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue [and] recover the actual damages such person sustains or liquidated damages," as well as costs, attorney's fees, and other relief not now relevant. *See Elden v. Nirvana L.L.C.*, 88 F.4th 1292, 1295–96 (9th Cir. 2023); *Doe v. Hesketh*, 828 F.3d 159, 167–68 (3d Cir. 2016). The Second Circuit does not appear to have addressed § 2255(a) at length. At least two other circuits,

3

however, have held that victim plaintiffs inherently "suffer 'personal injury' that is analogous to injuries caused by defamation and other dignitary torts upon the publication or distribution of the pornographic material depicting them." *Elden*, 88 F.4th at 1296; *Doe v. Boland*, 698 F.3d 877, 880–82 (6th Cir. 2012).

But as the Ninth Circuit recently explained, the statute "includes two time frames"—the "violation of the criminal laws must have occurred while the plaintiff was a minor," but the "personal injury could occur when the plaintiff was an adult." *Elden*, 88 F.4th at 1295. So "[t]he 'violation' that forms the basis for the claim . . . described in [the text of] § 2255(a) [is] a specified predicate offense that occurred when the plaintiff was a minor." *Id.* at 1296. On that understanding, the court "reject[ed] [a plaintiff's] argument that he [could] bring an action based on violations that occurred when he was an adult." *Id.* at 1296 n.5. This Court finds this reading of the statutory text persuasive in the absence of Second Circuit guidance. *See United States v. Gayle*, 342 F.3d 89, 92 (2d Cir. 2003) ("Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well."); *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 418 (2d Cir. 2022) (same).

Here, the complaint asserts that Plaintiffs were victims of Defendant's § 2252A(a)(2)(A) violation but sheds no light on how old Plaintiffs were at the time he committed that violation. It states only that they were adults at the time they filed the complaint. (*See* Dkt. No. 1, at 2). Thus, the Court cannot determine whether "the violation of the criminal laws . . . occurred while [Plaintiffs were] minor[s]." *Elden*, 88 F.4th at 1295. Plaintiffs assert that, having elected to pursue only liquidated damages, they will suffer prejudice from unnecessary discovery precipitated by affirmative defenses. (*See* Dkt. No. 43, at 10–11). But they also acknowledge "their own burden of proof as to their claims." (*Id.* at 10). Under these circumstances, the Court

4

declines to strike Defendant's failure to state a claim defense at this stage. *See GEOMC Co.*, 918 F.3d at 98 ("A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation."); *cf. Lucente v. IBM Corp.*, 310 F.3d 243, 260 (2d Cir. 2002) (similar).

**B.      Jurisdiction**

Plaintiffs next seek to strike Defendant's second affirmative defense, that "[t]he Court lacks jurisdiction over this matter." (Dkt. No. 30, at 3; *see* Dkt. No. 43, at 4). They interpret this defense as implicating the Court's personal jurisdiction over Defendant. (*See* Dkt. No. 43, at 11–12). But had Defendant contested personal jurisdiction, he would have questioned the Court's authority over *him*, not its authority over *this matter*. *See, e.g.*, *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024) (noting that the personal jurisdiction inquiry concerns whether "jurisdiction exists *over the defendant*" (emphasis added)). So the Court construes this defense as a challenge to its subject matter jurisdiction. *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." (cleaned up)). That defense, however, is legally insufficient. Plaintiffs' sole cause of action in this matter arises out of federal law, *see* § 2255(a), so the Court has federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, the Court will strike this defense. *See GEOMC Co.*, 918 F.3d at 98.

**C.      Statute of Limitations**

Finally, Plaintiffs seek to strike Defendant's third affirmative defense, that their claims are barred by the statute of limitations. (Dkt. No. 43, at 4). The current version of § 2255, in effect when Plaintiffs filed this action, provides that "[t]here shall be no time limit for the filing of a complaint commencing an action under this section." *See* § 2255(b). The version in effect at

the time Defendant committed the § 2252A(a)(2)(A) violation provided that any such action would be barred unless filed: (1) "not later than 10 years after the date on which the plaintiff reasonably discover[ed] the later of . . . the violation [forming] the basis for the claim" or "the injury [forming] the basis for the claim"; or (2) "not later than 10 years after the date on which the victim reache[d] 18 years of age." *See* Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act of 2017, Pub. L. No. 115–126, § 102, 132 Stat. 318, 320 (2018) (amended 2022).

The Court need not decide which version applies. Under the current version, Plaintiffs' claims are not subject to a statute of limitations, and the limitations period under the prior version has not lapsed. As explained above, Defendant admits pleading guilty to the underlying § 2252A(a)(2)(A) offense alleged to have occurred in 2021, and Plaintiffs learned of that offense in 2022. Plaintiffs commenced this action in 2024, well within 10 years of the date on which they could have reasonably discovered the violation forming the basis of their claims. Accordingly, the Court will strike this defense too. *See GEOMC Co.*, 918 F.3d at 98.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion to strike, (Dkt. No. 43), is **GRANTED in part** and **DENIED in part** as set forth above; and it is further

**ORDERED** that the second and third affirmative defenses, concerning jurisdiction and the statute of limitations, respectively, are **STRICKEN** from Defendant's answer, (Dkt. No. 30).

**IT IS SO ORDERED.**

Dated: <u>March 19, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

6