**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

"JENNY" and "MARIA,"

                                Plaintiffs,                    5:24-cv-01407 (BKS/ML)

v.

MARC L. LEONARDIS,

                                Defendant.

---

**Appearances:**

*For Plaintiffs:*
Margaret Elizabeth Mabie
Marsh Law Firm PLLC
31 Hudson Yards, Floor 11
New York, New York 10001

*For Defendant:*
Julie A. Nociolo
Hacker Murphy LLP
28 Second Street
Troy, New York 12180

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiffs Jenny and Maria brought this 18 U.S.C. § 2255 action against Defendant Marc

L. Leonardis. (Dkt. No. 1). On March 19, 2026, the Court issued a Memorandum-Decision and

Order granting in part and denying in part Plaintiffs' motion to strike three affirmative defenses

from Defendant's answer. (Dkt. No. 48). The Court assumes familiarity with that decision.

Presently before the Court is Plaintiffs' motion for partial reconsideration of the March 19

decision pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 50). Although Plaintiffs

"do not contest" that decision's refusal to strike the affirmative defense of failure to state a claim, they request that the Court "reconsider its rationale." (Dkt. No. 50-1, at 1). The motion is fully briefed. (*Id.*; Dkt. No. 54). For the reasons that follow, the motion is granted.

## II.    STANDARD OF REVIEW

As an initial matter, the parties dispute whether this motion is properly brought under Rule 54(b) or Rule 60. (Dkt. No. 50-1, at 2; Dkt. No. 54, at 2–3). Rule 54(b) permits the Court to "revise[] at any time before the entry of a judgment" an "order or other decision" adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties." *See Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 376 (2d Cir. 2023). Rule 60(b)(1) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for" several reasons, including a court's "error of law." *See Kemp v. United States*, 596 U.S. 528, 530 (2022).

Rule 54(b) applies here, as the Court's March 19 decision was an interlocutory order that did not finally adjudicate Plaintiffs' claims. *See In re U.S. Lines, Inc.*, 216 F.3d 228, 238 (2d Cir. 2000) (district court erred in treating motion to reconsider nonfinal order "as one pursuant to Rule 60"); *see also Green v. Schmelzle*, 309 F. Supp. 3d 18, 19–20 (W.D.N.Y. 2018) (analyzing motion to reconsider denial of motion to strike under Rule 54(b)). Plaintiffs assert that they need not show "extraordinary circumstances" under Rule 54(b). (Dkt. No. 50-1, at 2). But the Second Circuit has long held that this rule exists "within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 288 (2d Cir. 2011); *Mallek v. Allstate Ins. Co.*, No. 22-86, 2023 WL 3513783, at *2, 2023 U.S. App. LEXIS 12203, at *4–5 (2d Cir. May 18, 2023).

Under that doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Callahan v. Cnty. of Suffolk*,

2

96 F.4th 362, 367 n.6 (2d Cir. 2024) (quoting *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999)). Although the law of the case rule is "discretionary," *Virgin Atl. Airways*, 956 F.2d at 1255, courts ordinarily will not revisit "prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).

## III.   DISCUSSION

Plaintiffs primarily argue that the Court's March 19 decision erred by relying on two cases, *Elden v. Nirvana L.L.C.*, 88 F.4th 1292 (9th Cir. 2023) and *Doe v. Hesketh*, 828 F.3d 159 (3d Cir. 2016), which reflect a now-superseded version of § 2255. (*See* Dkt. No. 50-1, at 1–2). Had that decision done so, Rule 54(b) relief would be proper. *See Ali*, 529 F.3d at 490.

But this argument is inapposite. To be sure, as Plaintiffs note, *Elden* applied a prior version of § 2255(b), which was amended in 2022. *See Elden*, 88 F.4th at 1293 n.1. Indeed, this Court acknowledged that amendment and applied it to this case in a portion of the March 19 decision Plaintiffs do not challenge. (*See* Dkt. No. 48, at 5–6 (parenthetically noting that the statute was "amended [in] 2022")). Accordingly, in the challenged portion of the decision, the Court relied only on those parts of *Elden* that interpreted § 2255(a), the text of which has remained the same in all relevant respects since 2006.[1] (*See id.* at 4). Although the Ninth Circuit

---

[1] Congress enacted the language applicable to this case in 2006, and since then, has altered § 2255(a) only by altering the predicate criminal offenses and modifying the remedies available to those who may recover. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 707, 120 Stat. 587, 650 (2006); Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113–4, § 1212, 127 Stat. 54, 143 (2013); Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act of 2017, Pub. L. No. 115–126, § 102, 132 Stat. 318, 319 (2018); *see also* Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub. L. No. 117–176, § 2, 136 Stat. 2108, 2108 (2022) (most recent amendment altering only § 2255(b)); *Hesketh*, 828 F.3d at 167 n.9 (describing amendments from 1986 passage through 2013).

noted that the prior version of § 2255(b) "reflect[ed]" the same "time frames" as § 2255(a)—and, within that discussion, defined the term "violation" as used in § 2255(a)—§ 2255(b)'s amendment does nothing to change the Court's reading of § 2255(a)'s plain text. *See Elden*, 88 F.4th at 1296 & n.5; *cf. Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 418 (2d Cir. 2022).

Likewise, the Court cited the Third Circuit's *Hesketh* decision only once while describing § 2255 generally and did not rely on any of its reasoning. (*See* Dkt. No. 48, at 3). Even if the Court had, again, the language of § 2255(a) enacted by the 2013 amendment on which the Third Circuit relied did not materially differ from the current version of § 2255(a). *See Hesketh*, 828 F.3d at 167 & n.9. So the Court adheres to its holding that the "violation" of the specified predicate offenses identified in § 2255(a) must have occurred when the plaintiff was a minor. (Dkt. No. 48, at 4 (citing *Elden*, 88 F.4th at 1296 n.5)).

Nevertheless, Rule 54(b) relief is warranted to clarify that holding. *See Ali*, 529 F.3d at 490. Defendant urges that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" (Dkt. No. 54, at 3 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))). As a general matter, he is correct. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). But the law of the case rule is "discretionary," and here the Court concludes that clarification of the March 19 decision is warranted. *Virgin Atl. Airways*, 956 F.2d at 1255.

Section 2255(a)'s text makes clear that, although the predicate violation of federal criminal law must have occurred "while [the plaintiff was] a minor," the resulting "personal injury" need not have occurred while the plaintiff was a minor. And as noted in the March 19 decision, (Dkt. No. 48, at 3–4), the Court agrees with the Sixth and Ninth Circuits that a plaintiff "suffer[s] 'personal injury' that is analogous to injuries caused by defamation and other dignitary

4

torts upon [each] publication or distribution of the pornographic material depicting them." *Elden*, 88 F.4th at 1296; *Doe v. Boland*, 698 F.3d 877, 880–82 (6th Cir. 2012).

Notably, the statute does not state that the person who committed the violation must be the same person who inflicted the personal injury. Rather, it requires only that a plaintiff be a victim of a violation and suffer a resulting personal injury within the time frames described above. So § 2255 plaintiffs may sue a person who inflicted a "personal injury" under *Elden* and *Boland*—even if that person did not also commit the predicate criminal violation—so long as the plaintiffs show that they "suffer[ed] [that] injury *as a result of* [the predicate] violation." *See* § 2255(a) (emphasis added). The Sixth Circuit has adopted this reading of the statute, *see Boland*, 698 F.3d at 881, and the Court agrees it is the proper interpretation of § 2255(a)'s text. *See Singleton v. Clash*, 951 F. Supp. 2d 578, 588 n.9 (S.D.N.Y. 2013) ("It is possible under Section 2255 that a person could have been a victim as a minor and suffered personal injuries later in life."); *see also id.* at 590–91 (discussing the 2006 amendment's legislative history).

Here, then, Plaintiffs may prevail by demonstrating that they were victims of a predicate violation while they were minors, and that they suffered a "second injury" inflicted by Defendant, *see id.* at 588 n.9—"regardless of whether [that] injury occurred while" they were minors—"as a result" of the predicate violation. *See* § 2255(a). The Court's March 19 decision did not acknowledge this interpretation of § 2255, as the only specific criminal violations the complaint identifies are Defendant's. (*See* Dkt. No. 1, ¶¶ 1, 10–12, 17–19). But the complaint also alleges that Plaintiffs were depicted in two "child pornography series." (*Id.* ¶¶ 4, 6). So it appears, according to the complaint, that both were victims of specific predicate violations while minors, and that they suffered a subsequent personal injury—inflicted by Defendant—as a result of those predicate violations. Thus, Plaintiffs have stated a plausible claim under § 2255.

The Court accordingly revises its March 19 decision as described above. *See* Fed. R. Civ. P. 54(b); *Ali*, 529 F.3d at 490.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for partial reconsideration (Dkt. No. 50) is

**GRANTED** to the extent set forth above.

**IT IS SO ORDERED.**

Dated:    April 27, 2026
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge